IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK L. BEVERLY, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:14-cv-01478 |
| | ) |
| vs. | ) Judge Campbell |
| | ) |
| NOBLE-INTERSTATE MANAGEMENT | ) Magistrate Judge Bryant |
| GROUP, LLC, JEFF CHARO, and | ) |
| KEVIN HAILEY, | ) |
| | ) |
| Defendants. | ) |

## [~~PROPOSED~~] INITIAL CASE MANAGEMENT ORDER

Pursuant to L.R. 16.01(d)(1) b.2 and the Court's Order, Dkt No. 3, the parties submit the following [Proposed] Initial Case Management Order prior to their Case Management Conference to be held on **September 9, 2014** at **9:30 a.m.**:

A. **JURISDICTION:** Plaintiff disputes jurisdiction based upon lack of complete diversity between the parties. Plaintiff as a citizen and resident of Tennessee, and Defendant Interstate is a foreign limited liability company. Defendant Charo and Defendant Hailey, however, are citizens and residents of Tennessee.

B. **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:** Plaintiff was hired by Interstate as front desk manager in a Marriott Hotel managed by Interstate, and Defendant Charo supervised the subject hotel and was Plaintiff's supervisor. In December, 2013, Defendant Charo met with Plaintiff and directed him to deceive a third-party, Marriott Hotels, and commit fraud under the laws of Tennessee. Plaintiff confronted Defendant Charo about this scheme and refused to participate in or remain silent about these activities. In retaliation for Plaintiff's refusal to participate in or remain silent about

{03476819.DOC}

these illegal activities, on December 28, 2013, Defendant Charo sent another coworker, Defendant Hailey, to stand guard and monitor the Plaintiff at work with the purpose of confronting, harassing and intimidating the Plaintiff such that the Plaintiff felt that his immediate safety and well-being were jeopardized. Thereafter, on January 8, 2014, the Plaintiff was terminated by Interstate. Prior to his termination, the Plaintiff had a spotless employment record with Defendant Interstate.

**DEFENDANT INTERSTATE:** Defendant Interstate did not retaliate against Plaintiff. Defendant Interstate terminated Plaintiff on January 8, 2014 after an investigation revealed that Plaintiff initiated a verbal altercation with co-defendant Hailey. The altercation was unrelated to any alleged protected activities by Plaintiff.

Plaintiff was not directed to deceive Marriott Hotels or to partake in any actions that would be regarded as fraudulent under the laws of Tennessee. Upon receiving Plaintiff's complaint about Defendant Charo's alleged instruction to alter customer survey results, Interstate thoroughly investigated Plaintiff's claims and found them to be unsubstantiated and determined that no Company policy was violated.

In addition, Plaintiff's negligent infliction of emotion distress claim is barred by the exclusivity provision of the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-108(a), as explained in Defendants' Motion to Dismiss, Dkt. Nos. 6, 7.

**DEFENDANT CHARO:** Plaintiff brings claims of negligent infliction of emotional distress and outrageous conduct against individual Defendant Charo. Plaintiff's claims against Defendant Charo fail as a matter of law because Plaintiff fails to plead sufficient facts to establish either cause of action, as detailed in Defendants' Motion to Dismiss, Dkt. Nos. 6, 7. Defendant Charo's alleged instruction that Plaintiff manipulate GSS Scores is insufficient to bring a cause of action against him individually. Further,

Plaintiff's negligent infliction of emotion distress claim is barred by the exclusivity provision of the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-108(a).

Moreover, Defendant Charo's actions were not improper or in violation of Company policy, much less were they illegal.

**DEFENDANT HAILEY:** Defendant Hailey has not properly been served in this matter. Accordingly, Defendant Hailey cannot join in the parties' proposed Case Management Order.

C. **ISSUES RESOLVED:** None.

D. **ISSUES STILL IN DISPUTE:** Liability and damages; Defendant Hailey has not been served with process. Plaintiff does not have any information regarding Defendant Hailey's home address or current location.

E. **INITIAL DISCOVERY:** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within **30 days** from the date of the initial case management conference, on or before, **October 9, 2014.**

F. **DISCOVERY:** The parties shall complete all written discovery on or before **May 1, 2015.** Discovery is not stayed during dispositive motions, unless order by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve the dispute.

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **December 31, 2014.**

H. **DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 27, 2015.** The Defendants shall identify and disclose all expert witnesses and reports on or before **March 27, 2015.**

I. **DEPOSITION OF WITNESSES:** The parties shall depose all fact and expert witnesses on or before **June 30, 2015.**

J. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **June 30, 2015.**

K. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **July 31, 2015,** or at least **135 days** prior to trial, whichever is later. Responses to dispositive motions shall be filed by **August 28, 2015,** or within **28 days** after the motion is filed, whichever is earlier. Optional replies may be filed no later than **September 11, 2015,** or within **14 days** after the filing of the response, whichever is earlier. Briefs shall not exceed **twenty (20) pages** and optional replies shall not exceed **five (5) pages**.

L. **ELECTRONIC DISCOVERY:** The parties do not anticipate there being any significant electronic discovery at this time.

M. **TRIAL DATE AND ESTIMATED TRIAL TIME:** The parties estimate that the trial in this case will take between three to four days, depending on what issues remain for trial. The target trial date is January 19, 2016. *JSB*

It is so **ORDERED:**

_____
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

**APPROVED FOR ENTRY:**

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: /s/ Brian F. Walthart
**Brian F. Walthart**
BPRN 24777
/s/ Martin D. Trimiew
**Martin D. Trimiew**
BPRN 30379
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722
*Attorneys for Plaintiff*


By: /s/ Tara L. Presnell
Tara L. Presnell (TN Bar No. 24424)
TPresnell@littler.com
Rachel R. Rosenblatt (TN Bar. No. 027501)
RRosenblatt@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
Telephone: 615.383.3033
Facsimile: 615.383.3323

*Attorneys for Defendants Noble-Interstate
Management Group, LLC and Jeff Charo*