IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK L. BEVERLY | ) |
| | ) |
| v. | ) NO. 3-14-1478 |
| | ) JUDGE CAMPBELL |
| NOBLE-INTERSTATE | ) |
| MANAGEMENT GROUP, et al. | ) |

MEMORANDUM

Pending before the Court are Defendants' Partial Motion to Dismiss (Docket No. 6) and Plaintiff's Motion to Remand (Docket No. 9). For the reasons stated herein, Plaintiff's Motion to Remand (Docket No. 9) is GRANTED, and this case is remanded to the Circuit Court of Davidson County, Tennessee. Accordingly, Defendants' Partial Motion to Dismiss (Docket No. 6) is denied as moot.

Plaintiff, a Tennessee resident, filed this action in state court against her former employer and two co-workers for violations of state law. Defendant Noble-Interstate Management Group, LLC, a foreign corporation, removed the action to this Court, alleging diversity of citizenship and jurisdiction pursuant to 28 U.S.C. § 1441[1] and 28 U.S.C. § 1332.[2]

MOTION TO REMAND

Defendant bears the burden of establishing removal jurisdiction. *Nelson v. Associates Financial Services Co. of Indiana, Inc.*, 79 F.Supp.2d 813, 815 (W.D. Mich. 2000). Removal

---

[1] Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to federal court.

[2] Pursuant to 28 U.S.C. § 1332(a), the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

statutes are strictly construed, and all doubts will be resolved against a finding of proper removal. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Generally, a defendant may remove a civil case brought in state court to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a); *McCraw v. Lyons*, 863 F.Supp. 430, 432 (W.D. Ky 1994). Thus, in determining if removal is proper, generally the question is whether the federal court would have had original jurisdiction to hear the action if the case had been filed in federal court instead of state court. *Caterpillar v. Williams*, 482 U.S. 386, 391-92, 107 S.Ct. 2425, 2429, 96 L. Ed.2d 318 (1987).

Section 1447(c) of Title 28 calls for a remand when it appears that the district court "lacks subject matter jurisdiction." While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants contend that the two individual Defendants, Tennessee residents, are fraudulently joined in this action and, therefore, their citizenship should not be considered in determining whether there is complete diversity of the parties. The burden to establish federal jurisdiction is clearly upon Defendant as the removing party. *Alexander*, 13 F.3d at 948-49. In addition, the removing party bears the burden of demonstrating fraudulent joinder. As noted above, removal statutes are to be strictly construed. *Id*.

To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendant under state law. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (citing *Alexander*). If there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the

Court must remand the action to state court. *Id*. Any disputed questions, facts and ambiguities in the controlling state law should be resolved in favor of the non-removing party. *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *Id*.

Here, Defendants claim that Plaintiff's Complaint includes no factual allegations of wrongful conduct by the individual, non-diverse Defendants which would give rise to a colorable claim. Plaintiff's Complaint alleges that Defendant Charo, Plaintiff's supervisor, instructed Plaintiff to engage in illegal, deceptive and fraudulent practices by manipulating and compromising the integrity of the Hotel's guest satisfaction scores. Plaintiff also contends that, when Plaintiff refused to go along with Defendant's instruction and refused to remain silent, Defendant Charo ordered Defendant Hailey to monitor Plaintiff and report Plaintiff's activities to Defendant Charo.

Plaintiff's Complaint, which must be accepted as true for purposes of this Motion, alleges that Defendant Hailey was actually instructed to harass Plaintiff, to confront and intimidate him, which he did, to the point where Plaintiff felt that Hailey was an immediate threat to Plaintiff's safety and well-being. Plaintiff's Complaint asserts that Defendant Hailey harassed and intimidated Plaintiff with the intent to cause Plaintiff discomfort, angst and legitimate fear. Plaintiff avers that the conduct of Charo and Hailey resulted in serious and severe emotional injuries to Plaintiff.

In addition, Plaintiff's Complaint avers that, following the alleged harassment by Defendant Hailey, Defendant Charo put Plaintiff on suspension without pay in retaliation for reporting the illegal activity and Defendant soon thereafter terminated Plaintiff's employment. Plaintiff alleges causes of action against Defendants Charo and Hailey for outrageous conduct and for negligent infliction of emotional distress under Tennessee law.

To establish a claim for outrageous conduct (also known as intentional infliction of emotional distress), a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004). To establish a claim for negligent infliction of emotional distress, the Plaintiff must first establish the elements of a negligence claim – duty, breach of duty, injury or loss, causation in fact and proximate causation - - and then also show that Defendants' conduct caused a serious or severe emotional injury. *Rye v. Women's Care Center of Memphis, MPLLC*, 2014 WL 903142 at * 19 (Tenn. Ct. App. March 10, 2014) (citing *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012)).

Viewing the facts alleged by the Plaintiff as true and construing the removal statutes narrowly, as the Court must do, the Court finds that Defendants have failed to carry their burden to establish fraudulent joinder. Defendants may have shown that Plaintiff's claims against the individual Defendants could fail, but Plaintiff has alleged enough facts to state plausible claims under state law against these Defendants.

## CONCLUSION

For these reasons, Plaintiff's Motion to Remand (Docket No.9) is GRANTED, and Defendants' Motion to Dismiss (Docket No. 6) is DENIED as moot.

IT IS SO ORDERED.

                                                                           _____
                                                                          TODD J. CAMPBELL
                                                                          UNITED STATES DISTRICT JUDGE